**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

OHIO VALLEY ENVIRONMENTAL
COALITION, INC., WEST VIRGINIA
HIGHLANDS CONSERVANCY, INC.,
and SIERRA CLUB,

                Plaintiffs,

v.                                                                CIVIL ACTION NO. 3:11-0009

MAPLE COAL COMPANY,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court are the Plaintiffs' Motion to Amend the Court's September 2, 2011 Judgment (ECF 77) and the Defendant's Motion to Strike Amended Declarations of Plaintiffs' Standing Witnesses (ECF 80). For the reasons explained below, Defendant's Motion is **GRANTED** and Plaintiffs' Motion is **DENIED**.

**I. Introduction**

On August 26, 2011, the Court held a hearing and heard argument from the parties on a number of matters, including cross motions for summary judgment. On September 2, 2011, the Court issued a Memorandum Opinion and Order resolving the plaintiffs' summary judgment motions, the defendant's motion to dismiss, and the defendant's cross-motion for summary judgment. A part of that Opinion and Order held that the Plaintiffs do not have standing to sue with respect to Outfall 043, in Armstrong Creek. On September 14, 2011, Plaintiffs filed a motion to amend the Court's September 2 Opinion and Order based on the amended declarations of Julian Martin and James Tawney, the members on whose behalf the plaintiff organizations originally based

their standing. The defendant has moved to strike the amended declarations as untimely and opposes the motion to amend.

## II. Discussion

### A. Defendant's Motion to Strike

Fed Rule of Civil Procedure 6(c)(2) requires that "any opposing affidavit must be served at least 7 days before the hearing, unless the court permits service at another time." Fed. R. Civ. Proc. 6. Rule 6(b) requires that good cause be shown in order to extend time periods and, when such motion is made after a deadline has passed, that the failure to act timely be the result of excusable neglect. *Id*. The plaintiffs have not shown that the failure to submit the amended declarations within the deadlines set out in the scheduling order is the result of excusable neglect, nor have they shown good cause for why the amended declarations were not submitted earlier. While the motivation for their trip is not relevant to the Court's analysis, it plainly appears that a central reason for their recent visit to Armstrong Creek was to bolster their standing after full briefing and oral argument on the issue.

Plaintiffs cite *American Canoe Ass'n v. Murphy Farms*, 326 F.3d 505 (4th Cir. 2003) for the proposition that the Court's discretion in this matter is narrowed when subject matter jurisdiction is at issue. The Court recognizes that *Murphy Farms* limits the discretion of a district court to refuse to hear evidence on standing, but an examination of that case shows that the current case is distinguishable for several reasons.

In *Murphy Farms*, the Fourth Circuit reversed a district court for denying a motion to reconsider its decision that the plaintiffs had standing. The court discussed the interlocutory nature of an order granting partial summary judgment and recognized the Court's inherent discretion to

reexamine all decisions prior to a final judgment. *Id*. at 514-15. Next, the Fourth Circuit emphasized that the overriding importance of reaching correct judgments with regard to subject matter jurisdiction sometimes trumps concerns of judicial economy and finality which shape the doctrine of law of the case on which the district court relied. *Id*. at 515-16. The Court also emphasized the fact that the district court's initial decision had been made early in the litigation, "before there had been much factual development, discovery, or opportunity for defendants to consult experts," and that "it should not be accorded the preclusive effect of a decision rendered after a full trial, or even a decision rendered after full discovery." *Id*. at 516.

While it clearly can be an abuse of discretion to refuse to consider new evidence on standing, there are at least two important factors distinguishing this case from *Murphy Farms*. First, the September 2 Order in this case came nine months after the case was filed and more than five months after the Court permitted the parties to engage in limited discovery specifically focused on the issue of standing. The September 2 Order is therefore entitled to significantly more preclusive effect than that of *Murphy Farms*.

Second, the excluded evidence in *Murphy Farms* was an expert report suggesting that no harm had occurred and that the plaintiffs therefore had not suffered an injury in fact. The early ruling on standing in that case suggests that the unavailability of the expert report was for good cause, whereas the nature and timing of these new affidavits does not suggest good cause or that the failure to act timely is the result of excusable neglect.

This opinion finds further support from *Lujan v. National Wildlife Foundation*, 497 U.S. 871 (1990). In that case, the district court held a hearing on outstanding summary judgment motions and subsequently directed the plaintiff to file a supplemental memorandum on the issue of standing. *Id*.

at 894. Along with its supplemental memorandum, the plaintiff filed four additional affidavits which the district court rejected as "untimely and in violation of [the court's briefing] Order." *Id*. (internal citation omitted). The court of appeals reversed, and were in turn reversed by the Supreme Court, which held that, "the District Court did not abuse its discretion in declining to admit [the supplemental affidavits]." *Id*. at 894.

In short, Rule 6 of the Federal Rules of Civil Procedure and the Scheduling Order provide the Court with authority to manage its docket and hold the parties to the deadlines contained therein. Plaintiffs have not shown good cause for their failure to act timely nor that the failure was the result of excusable neglect.

### B. Plaintiffs' Motion to Amend the Court's September 2, 2011 Judgment

The Plaintiffs' Motion to Amend depends entirely on the amended declarations of Messrs. Tawney and Martin. Having granted Defendant's Motion to Strike, Plaintiffs' motion is left without a leg to stand on.

### III. Conclusion

For the foregoing reasons, Defendant's Motion to Strike (ECF 80) is **GRANTED** and Plaintiffs' Motion to Amend (ECF 77) is **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: October 24, 2011

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE