# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON DIVISION

**OHIO VALLEY ENVIRONMENTAL
COALITION, INC., WEST VIRGINIA
HIGHLANDS CONSERVANCY, INC.,
and SIERRA CLUB,**

      **Plaintiffs,**

**v.**                                                                                    **Civil Action No.: 3:11-cv-0009**

**MAPLE COAL COMPANY,**

      **Defendant.**

## MAPLE COAL COMPANY'S MOTION FOR CERTIFICATION OF CONTROLLING QUESTIONS OF LAW FOR INTERLOCUTORY APPEAL

Defendant Maple Coal Company ("Maple"), pursuant to 28 U.S.C. § 1292(b), respectfully requests certification of controlling questions of law arising from this Court's September 2, 2011 Memorandum Opinion and Order [Doc. 76] (the "Sept. 2 Order"). Upon certification, Maple will file a request for interlocutory appeal pursuant to Fed. R. App. P. 5(a), seeking review of the Court's decision that the enforcement action filed against Maple by the West Virginia Department of Environmental Protection ("WVDEP") in the Circuit Court of Fayette County, West Virginia (Civil Action No. 10-C-149) (the "WV DEP Enforcement Action") had no preclusive effect under 33 U.S.C. § 1365(b)(1)(B) as a "diligent prosecution" of the violations alleged in Plaintiffs' Clean Water Act citizen-suit Complaint.

## I. QUESTIONS PRESENTED

Maple moves for certification of the following questions of law (hereinafter, "Question One" and "Question Two") for interlocutory appeal pursuant to 28 U.S.C. § 1292(b):

1. Where the State agency's civil enforcement action against the Defendant was pending prior to filing of a Clean Water Act citizen suit, and the State action does not seek to enforce certain effluent limits that had been stayed by a State appellate board and a State Circuit Court, may the District Court find a lack of diligent prosecution under 33 U.S.C. § 1365(b)(1)(B) because the State Complaint (a) did not seek to enforce such stayed effluent limits; and (b) did not request entry of a compliance schedule ending on a specific date that was included in a previous application filed by the Defendant?

2. Where the State agency filed a State civil action against the Defendant less than seven months prior to filing of a Clean Water Act citizen suit, may the District Court find that such an enforcement action was not being diligently prosecuted under 33 U.S.C. § 1365(b)(1)(B) on the ground that there had been no resolution of the State court case prior to the filing of the citizen suit?

## II. ARGUMENT

Under 28 U.S.C. § 1292(b), a district court may determine that an order, not otherwise appealable, "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation…[.]" The Court of Appeals then, in its discretion, may permit appeal to be taken from the order. Id.

When determining whether to certify an Order for immediate appeal, a district court should consider the following three factors: "(1) whether the order involves a 'controlling question of law,' (2) whether there is 'substantial ground for difference of opinion' with respect to the applicable legal principles; and (3) whether an immediate appeal might 'materially

2

advance the ultimate termination of the litigation.'" Ohio Valley Envtl. Coalition, Inc. v. Independence Coal Co., Inc., No. 3:10-cv-0836, slip op. at 5 (S.D. W. Va. June 20, 2011) ("OVEC") (quoting Big Rock Sports, LLC v. AcuSport Corp., No. 4:08-cv-159-F, 2011 U.S. Dist. LEXIS 12711, at *4-5 (E.D.N.C. Feb. 9, 2011)). *See also* Fannin v. CSX Transp., Inc., No. 88-8120, 1989 U.S. App. LEXIS 20859, at *5 (4th Cir. April 26, 1989). For the reasons discussed below, each of the questions stated above meets these three criteria.

A. **General Principles Applicable to the Diligent Prosecution Analysis.**

District courts do not have jurisdiction over a civil action filed pursuant to the citizen suit provisions of the Clean Water Act ("CWA") or the Surface Mining Control and Reclamation Act ("SMCRA") "if the [federal government] or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States or a State to require compliance with the standard, limitation, or order [that the citizen alleges has been violated]." Sept. 2 Order, at 19 (quoting 33 U.S.C. § 1365(b)(1)(B); 30 U.S.C. § 1270(b)(1)(B)).

In considering whether the diligent prosecution bar applies, courts engage in a two-part inquiry, in order to determine: (1) "whether a prosecution by the State (or the EPA Administrator) to enforce the same 'standard, order, or limitation' was pending on the date that the citizens' suit commenced[;]" and (2) "if the answer to the previous question is in the affirmative….whether the prior pending action was being 'diligently prosecuted' by the State at the time that the citizens' suit was filed." Sept. 2 Order, at 20 (citing Conn. Fund for Env't v. Contract Plating Co., 631 F. Supp. 1291, 1293 (D. Conn 1986)).

With respect to the second question, a State enforcement action is "'diligent' if the

3

judicial action 'is capable of requiring compliance with the Act and is in good faith calculated to do so.'" Piney Run Pres. Ass'n v. County Comm'rs, 523 F.3d 453, 459 (4th Cir. 2008) (citations omitted). In evaluating a pending State action, diligence is *presumed*, and a citizen "cannot overcome the presumption of diligence merely by showing that the agency's prosecution strategy is less aggressive than he would like or that it did not produce a completely satisfactory result." Severstal, 2011 U.S. Dist. LEXIS 71767 at *25 (internal quotations omitted). *See also* Ohio Valley Envtl. Coalition, Inc. v. Hobet Mining, LLC, 2008 U.S. Dist. LEXIS 105559, at *12 (S.D. W. Va. 2008) ("Hobet I") ("[C]itizens' mere unhappiness with an enforcement action…does not authorize them to bring a separate lawsuit.").

**B.    Satisfaction of the Three-Part Test for Certification under 28 U.S.C. §1292(b).**

As noted above, a district court should consider three factors in determining whether certification is warranted under 28 U.S.C. §1292(c). Here, each of those factors militate in favor of certification.

**1.    Question One and Question Two Present Controlling Questions of Law.**

Whether an issue is a "question of law" for purposes of 28 U.S.C. § 1292(b) turns on whether the issue is "a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record[.]" Ahrenholz v. Bd. of Trs. of the Univ. of Ill., 219 F.3d 674, 676-77 (7th Cir. 2000). If so, "the court should be enabled to do so without having to wait till the end of the case…." Id. A question of law is controlling "'if the incorrect disposition would require reversal of the final judgment for further proceedings.'" *OVEC*, slip. op. at 5 (quoting Spinozzi v. Lendingtree, LLC, No. 3:08-md-1976-FDW, 2009 U.S. Dist.

4

LEXIS 42653, at *6 (W.D.N.C. May 5, 2009)) or when "reversal of the district court's order would terminate the action." Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24 (2d Cir. 1990).

Both of the questions presented for certification here satisfy this requirement, as they raise purely legal questions and an alternative holding by the court of appeals would require reversal of the Sept. 2 Order (and any subsequent final order based on the findings in the Sept. 2 Order). If the court of appeals was to find that this Court: (a) should not have delved into the substance of the WVDEP's strategy in preparing its Complaint (to the point of requiring that the WVDEP either ignore the existence of the Stay Orders, or request entry of a compliance schedule ending on July 1, 2012), and (b) should not have found a lack of diligence on the basis of approximately seven months having passed without a resolution of the WVDEP Enforcement Action, then this Court would have to conclude that the WVDEP Enforcement Action constituted diligent prosecution within the meaning of 33 USC § 1365(b)(1)(B), thus depriving it of jurisdiction over this case.

There is no factual dispute with respect to the question of whether the WVDEP Enforcement Action sought to enforce the same violations of the Maple NPDES Permit and the related Amended Order No. 1 that are the subject of Plaintiffs' Complaint. With the exception of the final selenium limits, it did. The Court has already made that finding. Sept. 2 Order, at 21-23.

In addition, the fact that the WVDEP Complaint did not seek to enforce those final selenium effluent limits against Maple (on the grounds that those effluent limits were subject to the Stay Orders entered by the West Virginia Environmental Quality Board ("EQB") and the

5

Circuit Court of Kanawha County, West Virginia – the "Stay Orders"[1]) was one of the reasons this Court found that the WVDEP Enforcement Action was not being diligently prosecuted. Id., at 23-24. If, on the other hand, the WVDEP Complaint had requested that the Fayette County Circuit Court enter an enforceable compliance schedule that was "akin to the modification the agency had initially planned to grant Maple," then the Court would have found that the WVDEP Enforcement Action constitutes diligent prosecution (apparently, regardless of the WVDEP's recognition of the validity of the Stay Orders). Id., at 23.[2]

Likewise, it is clear that this Court determined that the WVDEP Enforcement Action was not being diligently prosecuted based on its finding that "little to nothing had occurred" in that case between the time of its filing and the initiation of the present action. Id. at 24. Should the court of appeals determine that the failure of the WVDEP to produce some resolution of the State civil action after less than seven months does not warrant this Court's conclusion that the WVDEP's action was not diligent, the Sept. 2 Order would be subject to reversal on that basis.[3]

### 2. There Are Substantial Grounds for Differences of Opinion as to the Court's Answers to Question One and Question Two.

Grounds for dispute are "substantial" where "the dispute raises a novel and difficult issue of first impression." *OVEC*, slip op. at 6 (citing Cook-Bates v. Bayer Corp., 2010 U.S. Dist.

---

[1] The Stay Order entered by the Environmental Quality Board ("EQB) on March 31, 2010, is found at Maple's Motion to Dismiss, Ex. 1 (Doc. 23-1). The Order entered by the Circuit Court of Kanawha County, West Virginia, on April 2, 2010, is found at Maple's Motion to Dismiss, Ex. 2 (Doc. 23-2).
[2] The Sept. 2 Order notes that the modification application previously filed by Maple sought an extension of the final selenium effluent limits to July 1, 2012. See pt. 2 Order, p. 5.
[3] This places the current action in a category unlike that of other cases in which immediate appeal was found to be inappropriate due to the presence of factual disputes that one party believed precluded summary judgment. *See, i.e., Allglass*, 2005 U.S. Dist. LEXIS 5278 at *14-15 (and cases cited therein).

LEXIS 121255, at *7 (E.D. Va. Nov. 15, 2010)). Both of the proposed questions for certification meet this standard.

      **a.    Question One.**

With respect to Question One, applicable jurisprudence recognizes that a citizen "cannot overcome the presumption of diligence merely by showing that the agency's prosecution strategy is less aggressive than he would like or that it did not produce a completely satisfactory result." Severstal, 2011 U.S. Dist. LEXIS 71767 at *25 (internal quotations omitted); *See also* Hobet I, 2008 U.S. Dist. LEXIS 105559, at *12 ("[C]itizens' mere unhappiness with an enforcement action (or its settlement terms) does not authorize them to bring a separate lawsuit."). Additionally, "[d]isagreement with a decision and its implementation does not amount to lack of diligent prosecution…. There is no lack of diligent prosecution merely because the State may not be taking the precise action [the citizen plaintiff] desires." Id. at *30 (internal quotations omitted).

Here, at the time the WVDEP Enforcement Action was filed, the Stay Orders prevented final selenium effluent limits set forth in the Maple NPDES Permit from taking effect. Both of those Orders were entered based upon a finding that Maple's appeal from the WVDEP's denial of its request to extend those final limits could not be decided before those limits would become effective. Further, once those limits did become effective, the Clean Water Act's anti-backsliding provision would preclude the WVDEP from granting an extension of the selenium compliance schedule as sought by the appeal. Accordingly, both of the Stay Orders (entered in proceedings in which WVDEP was a party) declared that the final selenium effluent limits in the Maple NPDES Permit would *not* become effective until after issuance of a final decision in Maple's

7

appeal and exhaustion of any subsequent appeals. *See* Stay Orders (Docs. 23-1, 23-2).

The grounds upon which such Stay Orders were entered are both factually and legally compelling. Indeed, the WVDEP initially determined that Maple's modification application was substantively meritorious, and the agency had preliminarily determined to grant it until EPA raised a purely procedural objection.[4] Further, though this Court found approximately six months later that the EQB does not have authority to issue such a stay in similar circumstances, in making that ruling the Court engaged in a lengthy and complex analysis, and acknowledged that "this is a difficult question to answer." *See* March 31, 2011 Memorandum Opinion and Order in <u>Ohio Valley Environmental Coalition, Inc. v Coal Mac, Inc. et al.</u>, Civil Action No. 3:10-0836 (Doc. 70), p. 34.

In these circumstances, to find that the WVDEP Enforcement Action was not "diligent" because the WVDEP had previously "acquiesced to" entry of the Stay Orders and accordingly declined to seek to enforce the final selenium limits as a part of the WVDEP Complaint (Sept. 2 Order, at 23-24) indicates that the Court disagrees with the WVDEP's prosecution strategy. The Sept. 2 Order also shows that the Court found a lack of diligent prosecution because the WVDEP did not take "the precise action" the Court believes it should have taken – which was either enforcement of the final selenium limits notwithstanding the Stay Orders, or imposition of a compliance schedule that corresponded to the one originally sought by Maple in its permit modification application. Sept. 2 Order, at 23. Under established law, these are not the types of claims that may be asserted by a plaintiff in challenging a pending state enforcement action as

---

[4] In this regard, the West Virginia Legislature had also expressly found that some NPDES permittees would likely be unable to comply with their existing selenium compliance schedules, and specifically authorized the WVDEP to extend the time period for complying with final selenium effluent limits to July 1, 2012, upon finding that a permittee is unable to comply. W. Va. Code § 22-11-6 (2009).

8

non-diligent. The question is whether a district court may nonetheless make findings on these matters *sua sponte* in support of a ruling that the State action was not a diligent prosecution.

The Court's ruling on this point thus raises a novel and difficult issue of first impression, about which there are substantial grounds for dispute. Specifically, the Sept. 2 Order raises the question of whether a district court may consider the litigation strategy of a State agency -- including in particular the agency's decision not to seek to enforce effluent limits that have been the subject of an administrative appeal and stay, and its decision to leave unspecified in its Complaint the form and substance of a compliance schedule it seeks to have the State court impose – in considering whether the State agency's civil action qualifies as diligent prosecution under 33 U.S.C. § 1365(b)(1)(B).

### b. Question Two.

As to the second question, this Court has previously observed that the diligence of a State enforcement action is determined as of the *time of filing* of the CWA citizen suit. Ohio <u>Valley Environmental Coalition, Inc. v Hobet Mining, LLC</u>, 723 F. Supp.2d 886, 906 (S.D. W.Va. 2010). *See also*, <u>Piney Run Pres. Ass'n</u>, 523 F.3d at 456. At the time of filing of the Complaint in this matter (on January 4, 2011), the WVDEP Enforcement Action was in a relatively early stage, and there is no specific evidence to support a finding that WVDEP was not diligently prosecuting it. Accordingly, it must be the passage of time alone, along with the docket sheet from that case, that formed the basis for the Court's finding that it was not being diligently

9

prosecuted.[5]

Specifically, the Sept. 2 Order found that the WVDEP Enforcement Action was not diligent because "at the time Plaintiffs filed the case *sub judice* in January of 2011, little to nothing had occurred [in the WVDEP Enforcement Action] aside from preliminary matters." Sept. 2 Order, at 24. This raises the question of whether the mere passage of time – here, less than seven months – since the filing of a State civil enforcement action may disqualify that action from being recognized as diligent prosecution.[6] Again, though it would appear that Plaintiffs could not challenge the WVDEP Enforcement Action on this ground – as decisions about case scheduling, timing of trial and other issues are part of the State's prosecution strategy – whether the Court properly considered this factor in its own analysis of the WVDEP's action is uncertain.

At the very least, this presents a novel issue about which there may be substantial differences of opinion. For this reason, Question Two should be certified for immediate review.

### 3. An Immediate Appeal of These Questions Will Materially Advance the Ultimate Termination of the Litigation.

Generally, the requirement that an appeal under 28 U.S.C. § 1292(b) must "materially advance the termination of the litigation" is met "when resolution of a controlling legal question

---

[5] As time this case was initiated, Maple had been served with the WVDEP Complaint approximately six months earlier; Maple had filed an Answer approximately five months earlier; and the parties had submitted a Scheduling Order that was entered by the circuit court on September 15, 2010, or less than three (3) months earlier. In addition, the WVDEP had filed its disclosure of fact witnesses on December 22, 2010 – or just two weeks before the citizen suit was filed. *See* Plaintiffs' Response, Ex. 11 (Docket sheet for Fayette County Circuit Court, Civil Action No. 10-C-149) (Doc. 28-13).

[6] The Time Standard for Civil Cases set forth in the West Virginia Trial Court Rules provides that final judgment should be entered within eighteen (18) months of the filing of the complaint. W. Va. Trial Ct. R. 16.05(c).

10

would serve to avoid a trial or otherwise substantially shorten the litigation." The Clark Constr. Group, Inc. v. Allglass Sys., Inc., 2005 U.S. Dist. LEXIS 5278 at *13 (D.M.D. March 30, 2005) (citing 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure 3930, at 432 (2nd ed. 1996)). If decided in Maple's favor, an immediate appeal of Question One and Question Two would completely avoid a trial, as the Court would have no jurisdiction to proceed further in this case. This also means that the detailed discovery as to all of the issues raised regarding Maple's efforts to comply with selenium effluent limits over the last several years, the evolving state of available treatment methods for selenium discharges at mining operations, and the adequacy of Maple's plans to address the violations alleged in the Complaint regarding its discharges into Paint Creek (as well as other issues) would be avoided.

In this regard, this case is similar to that which was pending in the district court for the District of New Jersey in Student Public Interest Research Group of New Jersey, Inc. v. Fritzche, Dodge & Olcott, 759 F.2d 1131, 1132 (n.1) (3rd Cir. 1985) ("SPIRG"), when that court granted certification under 28 U.S.C. § 1292(b) on questions of whether an EPA enforcement action was a "court" proceeding and if not, whether an EPA consent order represented "diligent prosecution" under 28 U.S.C. § 1292(b) for purposes of depriving the court of jurisdiction over a CWA citizen suit. Though only the question of damages was left to be decided, the district court in SPIRG granted certification of the questions raised by its partial summary judgment ruling, and the Third Circuit Court of Appeals granted permission to appeal those questions. Id. This Court should make the same decision in favor of certification here.

11

### III. CONCLUSION.

For reasons stated above, Maple asks that the Court enter an Order Certifying Question One and Question Two for permissive interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Respectfully submitted

MAPLE COAL COMPANY
By Counsel

*/s/ Christopher B. Power*
Christopher B. Power [WV Bar No. 4286]
Mychal S. Schulz [WV Bar No. 6092]
Robert M. Stonestreet [WV Bar No. 9370]
DINSMORE & SHOHL LLP
P.O. Box 11887
Charleston, WV 25339-1887
(304) 357-0900
Telefax: (304) 357-0919

Counsel for Defendant,
Maple Coal Company

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION**

**OHIO VALLEY ENVIRONMENTAL
COALITION, INC., WEST VIRGINIA
HIGHLANDS CONSERVANCY, INC.,
and SIERRA CLUB,**

        **Plaintiffs,**

**v.**                      **Civil Action No.: 3:11-cv-0009**

**MAPLE COAL COMPANY,**

        **Defendant.**

### CERTIFICATE OF SERVICE

    I, Christopher B. Power, counsel for Defendant Maple Coal Company, do hereby certify that on this 16 th day of November, 2011, I electronically filed the foregoing *Maple Coal Company's Motion for Certification of Controlling Questions of Law for Interlocutory Appeal* with the Clerk of the Court through the Court's ECF Filing System, which sent electronic notification of same to the following:

        Benjamin A. Luckett, Esq.
        Derek O. Teaney, Esq.
        Joseph M. Lovett, Esq.
        Appalachian Mountain Advocates
        Post Office Box 507
        Lewisburg, West Virginia 24901

                */s/ Christopher B. Power*